IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**TURONN LEWIS**

       Petitioner,

v.　　　　　　　　　　　　　　　　Civil Action No.:2:17cv87
　　　　　　　　　　　　　　　　　　(Judge Bailey)

**S. KALLIS, Warden,**

       Respondent.

## REPORT AND RECOMMENDATION

### I.　INTRODUCTION

On June 29, 2017, Turonn Lewis ("Petitioner" or "Defendant"), acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] (the "Petition"). The Petitioner is a federal inmate housed at FCI Hazelton and is challenging the validity of his conviction and sentence from the United States District Court for the District of Maryland. On June 29, 2017, the Petitioner was directed to refile his petition in conformity with the Local Rules of Prisoner Litigation. ECF No. 3. On July 10, 2017, the Petitioner refiled his petition as directed. ECF No. 7. The matter is now pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be dismissed for lack of jurisdiction.

### II.　BACKGROUND[1]

---

[1] Unless otherwise noted, the information in this section is taken from the Petitioner's criminal docket available on PACER., and in particular, the response by the United States to his § 2241 filed in that district. ECF No. 715. See United States v. Makwa, 1:16-cr-6-MJD-LIB (D. MN). Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take

On August 11, 1992, the Petitioner was named in a seven count indictment along with ten other defendants. The Petitioner was charged in three counts. In Count One, he was charged with conspiracy to distribute and possession with intent to distribute a mixture containing Heroin and a mixture containing Fentanyl. In Count Three, he was charged with possession with intent to distribute a mixture containing Fentanyl. In Count Four, he was charged with possession with intent to distribute a mixture containing Heroin. All three counts involved a violation of Title 21 United States Code, § 841(a)(1). On March 5, 1993, a jury convicted the Petitioner on all three counts. ECF No. 715-4. The Petitioner was sentenced on June 14, 1993 by the Honorable Frederick N. Smalkin. At the time he was sentenced, the Guidelines were mandatory and definitively determined the sentencing range the judge would apply. One issue Judge Smalkin had to resolve was whether the enhancement under US.S.G. § 2D1.1(a)(2) applied because more than 30 death resulted from the use of drugs supplied by the defendants and their co-conspirators. With regard to the Petitioner, Judge Smalkin found that "it was reasonably foreseeable to him that the distributions at issue would occur and deaths did occur from those distributions." ECF No. 715-5 at p. 73. The base offense level was also enhanced because the Petitioner possessed a weapon in furtherance of the offense. Therefore, he was found to have a final base offense level of 43 which, with his criminal history category of II, provided a Guidelines range of life imprisonment. Id. at 87. Judge Smalkin sentenced the Petitioner to life as to Count 1, another life sentence as to Count 3, and 40 years' imprisonment as to Count 4. Id. at

---

judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

88.

The Petitioner appealed his conviction and sentence to the Fourth Circuit. His conviction and sentence were affirmed. See United States v. Ortiz, 1995 WL 234276 (4th Cir. Apr. 21, 1995.). Although the Petitioner did not file a § 2255 motion, he did file a motion to reduce sentence on December 1, 2014. ECF No. 665. Said motion was denied on December 8, 2016. ECF No. 678. In addition, the Petitioner sought clemency from the President of the United States, but his request was denied.

### III. STANDARD OF REVIEW

**A. Review of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**B. Pro Se Litigants**

As a *pro se* litigant, the Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The

3

requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of the Respondent.

### IV.     CLAIMS OF THE PETITION

Liberally construed, the Petitioner attacks both his conviction and sentence and raises two grounds for relief. First, he alleges that his PSR states that he was "convicted under 21 U.S.C. § 846 and 841(b)(1)(A), (b)(1)(B) and (b)(1)(c), and the offense of conviction establishes that …death or serious bodily harm resulted from the use of the substance." ECF No. 7-1 at p.2. The Petitioner argues that he was never charged or convicted "of the penalties" of 21 U.S.C. §§ 846 and 841(b)(1)(A) and (b)(1)(B). Furthermore, he maintains that there was no drug quantity to satisfy the penalties of those statutes. Accordingly, he argues that he is actually innocent of both the sentence and the crimes mentioned in the PSR.

As his second ground for relief, the Petitioner claims that the PSR contains false statements when it alleges that "the offense of conviction establishes that death or serious bodily harm resulted from the use of the substance." ECF No. 7-1 at p.3.  The Petitioner then notes that the Judge would not allow the jury to hear anything about overdose in court, and therefore, the offense of conviction cannot establish that the users' death came from the substance at hand.  Therefore, the Petitioner argues that "technically he is actually innocent of those crimes, as well as the sentence that was

4

imposed upon him for those crimes." Id. at p. 4.[2]

For relief, the Petitioner requests that this court recommend that the Probation Department of Baltimore, Maryland petition the court to have him resentenced to a more accurate and precise PSR that fits the constitutional standards.

## V.  ANALYSIS

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his or her detention. However, the two sections are not interchangeable. Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2000); In re Vial. 115 F.3d 1192, 1194 (4th Cir. 1997).

Under § 2255, a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Second or successive petitions pursuant to § 2255 must be certified by the appropriate court of appeals. Id. § 2255(h). Courts of appeals grant such requests only if newly discovered evidence establishes "by

---

[2] It is clear that the Petitioner was indicted on three counts of violating 21 USC §§ 846 and 841(a)(1). While the PSR refers to Petitioner being "convicted" of the penalty provisions of 21 U.S.C. §§ 841(b)(1)(A), (b)(1)(B) and (b)(1)(C), the Petitioner's life sentence was imposed as the result of the application of § 2D1.1(a) of the Sentencing Guidelines which mandates a base offense level of 38 when death results from the use of the drugs that were distributed, coupled with a two level enhancement for use of a dangerous weapon and a three level enhancement for his role in the offense, resulting in a total offense level of 43. The Petitioner's sentence was not the result of any conviction under the death-resulting provision of § 841(b)(1). ECF No. 715-5.

5

clear and convincing evidence that no reasonable factfinder would have found the movant guilty" or that a previously unavailable "new rule of constitutional law' has been "made retroactive to cases on collateral review by the Supreme Court." Id.

A petition for writ of habeas corpus pursuant to § 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, in limited circumstances, when a § 2255 is an "inadequate or ineffective remedy," § 2255's savings clause permits petitioners to bring a collateral attack pursuant to 28 U.S.C. § 2241. In re Vial, 115 F.3d at 1194, n.5; In re Jones, 226 F.328, 333 (4th Cir. 2000.) However, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision," including because of a procedural bar. Id.

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one. In the Fourth Circuit, a petitioner asserting "actual innocence" may establish "that §2255 is inadequate or ineffective to test the legality of a conviction" if he can prove:

> (1) at the time of conviction, settled law of this circuit or of the Supreme Court established the legality of the conviction; (2) subsequent to the

6

> prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; **and** (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones at 333-34 (emphasis added).

However, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (quoting Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)). In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions." Id. at 428. When contesting a sentence through a petition filed under § 2241, a petitioner still must meet the savings clause of § 2255. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, supra, at 429 (emphasis added). The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

Although Petitioner has not raised the savings clause, it is clear that he is not entitled to its application. First, to the extent that the Petitioner is challenging his conviction, even if he satisfied the first and third elements of Jones, the crimes for which

7

he was convicted remain criminal offenses, and therefore, he cannot satisfy the second element of Jones.  With respect to his challenge to his sentence, the Court must review the petition under the four-part Wheeler test. As to the first prong, it is clear that at the time of sentencing, settled law established the legality of the sentence imposed. However, the Petitioner cannot meet the second element of the Wheeler test because he cites no change to the settled law which established the legality of his sentence, let alone a change that has been deemed to apply retroactively to cases on collateral review.

Consequently, because Petitioner attacks the validity of his conviction and sentence and fails to establish that he meets the Jones or Wheeler requirements, he is unable to satisfy the § 2255 savings clause to seek relief under § 2241. Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction. Rice, 617 F.3d at 807.

## VI.     RECOMMENDATION

For the foregoing reasons, it is hereby **RECOMMENDED** that the presiding District Judge **DISMISS** this action for lack of jurisdiction.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d

841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984.

      The Clerk is **DIRECTED** to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. Upon entry of this Report and Recommendation, the Clerk of Court is further **DIRECTED** to terminate the magistrate judge association with this case.

      **DATED**: October 22, 2018

                                           */s/ James P. Mazzone*
                                      JAMES P. MAZZONE
                                      UNITED STATES MAGISTRATE JUDGE